UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PATRICIA ANN WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:13-CV-235-BG |
| ) | ECF |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Patricia Ann Walls filed an application with the Social Security Administration for supplemental security income, and her application was denied. Pursuant to 42 U.S.C. § 405(g), she now seeks judicial review of that decision. After considering the arguments of the parties, the administrative record, and the applicable law, the undersigned recommends that the district court reverse the Commissioner's decision and remand this case for further administrative proceedings.

**I.    Statement of the Case**

Walls is a high school graduate who previously worked as a certified nurse's assistant and a cook's helper. (Tr. 30, 41.) She claimed on application documents that she is unable to work because of headaches, weakness in her right leg, and limitations in her right shoulder and left arm. (Tr. 127.) She also claimed that she suffered from "blackout episodes," and the medical records show that she has been treated for such episodes a number of times at an emergency room (ER) and by her physicians. *See*, *e.g.*, Tr. 237, 240, 254, 257–58, 261.

Walls testified at a hearing before an administrative law judge (ALJ), regarding the blackout episodes, daily headaches, morning "dizziness," and other symptoms. (Tr. 31, 34.) When questioning Walls about her blackout episodes, the ALJ noted that Walls' blood pressure was

assessed at 186/138 at an ER after she experienced such an episode; he speculated that Walls' blood pressure "would probably cause this blackout." (Tr. 32, 237.) However, addressing Walls' counsel at the end of the hearing he stated, "Counsel, record is not very clear on what we're dealing with, with these fainting spells." (Tr. 44.) He further stated that he would arrange a neurologic consultative examination. *Id.* A couple of weeks later, a director of the hearings office sent a letter to Walls' counsel informing her that a request to schedule a consultative examination had been sent to the Disability Determination Services (DDS) and that DDS would advise regarding the time and place of the examination. Pl.'s Br. Ex. 1. Walls, however, did not undergo a consultative examination, and the record does not indicate why she did not undergo an examination. The ALJ entered a decision four months after the hearing denying Walls' application. (Tr. 15–23.)

## II.   Discussion

Walls contends that a neurological consultative examination was necessary to determine the cause of her blackout episodes and that, in the absence of such, the ALJ made the disability decision without an adequately developed record. The Commissioner concedes that a neurological examination was not arranged.

The ALJ is obligated to fully and fairly develop the facts relative to a claimant's claim of disability. *Kane v. Heckler*, 731 F.2d 1216, 1219–20 (5th Cir. 1984). The facts may not be fully and fairly developed when the medical record does not contain a clear picture of the claimant's impairments; thus, under some circumstances, a consultative examination is required to fully and fairly develop the record. *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989). Because the ALJ has a responsibility to fully and fairly develop the record, the decision to order a consultative examination lies within his discretion. *Id.* at 812; *see also Turner v. Califano*, 563 F.2d 669, 671

(5th Cir. 1977) (noting that agency standards "require the administrative law judge in carrying out his responsibility for 'full inquiry' . . . to obtain consultative services as he deems warranted.")

In this case, the ALJ, the representative of the Social Security Administration tasked with the obligation to fully and fairly develop the record, ordered a consultative neurological examination, but the agency did not arrange one for Walls, and neither the ALJ nor the Commissioner provided an explanation regarding the agency's failure to follow through. *See* Tr. 15–23, 44; Pl.'s Br. Ex. 1; Def.'s Br. 4–7. "Should an agency in its proceedings violate its rules and prejudice result, the proceedings are tainted and any actions resulting from the proceeding cannot stand." *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *see also Utahns for Better Transp. v. United States Dept. of Transp.*, 305 F.3d 1152, 1165 (10th Cir. 2002) (noting that government agencies are required to follow their own regulations, procedures, and policies or provide a reason for failing to do so). A court must not allow an agency "the ability [to] violate [a] regulation with impunity and render the protections promised therein illusory"; the Administrative Procedure Act requires a reviewing court to set aside agency action that was taken "without observance of procedure required by law." *Wilson v. Comm. of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) (citing 5 U.S.C. § 706(2)(D)).

Although the record contains reports from two consultative physicians, neither physician is a neurologist. (Tr. 210–14, 221–23.) Accordingly, the failure to follow through with the ALJ's request for a neurological consultative examination resulted in prejudice to Walls that requires remand. *Hall*, 660 F.2d at 119 (holding that a violation of agency rules that prejudices the claimant is viewed as "tainted"; "any action resulting from the proceeding cannot stand").

**III.     Recommendation**

The court must determine whether the Commissioner's decision is supported by substantial evidence and whether it was reached through proper legal standards. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). The decision in this case was not reached through application of proper legal standards. The undersigned therefore recommends that the district court reverse the Commissioner's decision and remand Walls' case for further administrative proceedings. Because remand is required for the issue discussed in this Report and Recommendation, the undersigned does not reach Walls' remaining arguments.

**IV.     Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     June 25, 2014.

NANCY M. KOENIG
United States Magistrate Judge

4